UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RONDA GENE SIMMONS,<br><br>        Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the Social<br>Security Administration,<br><br>        Defendant. | Case No. CV 12-06060-AJW<br><br>MEMORANDUM OF DECISION |

Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for disability insurance benefits and supplemental security income ("SSI") benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

Plaintiff, then aged 38, filed her applications for benefits on February 17, 2009, alleging that she had been disabled since January 15, 2008. [JS 3; Administrative Record ("AR") 61-62, 125]. In a written hearing decision that constitutes the Commissioner's final decision in this matter, an administrative law judge (the "ALJ") found that plaintiff had severe impairments consisting of seizure disorder, right shoulder osteoarthritis, and osteopenia, but that she retained the residual functional capacity ("RFC") to perform a reduced range of light work. [AR 20, 24]. Based on the testimony of a vocational expert, the ALJ concluded

that plaintiff's RFC did not preclude her from performing her past relevant work as a cashier and a greeter. Therefore, the ALJ found plaintiff not disabled at any time through the date of her decision. [AR 27].

## Standard of Review

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r, Social Sec.Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Social Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).

## Discussion

**Severity of plaintiff's mental impairment**

Plaintiff contends that the ALJ erred in determining that her mental impairments of Bipolar II disorder, depressive disorder NOS, and chronic post traumatic stress disorder were nonsevere at step two of the sequential evaluation. [JS 11]. In determining the severity of plaintiff's mental impairment, the ALJ considered: (1) plaintiff's mental health treatment records; (2) plaintiff's testimony at the administrative hearing; (3) a February 10, 2010 mental health assessment completed by J. Eduardo Guzman, M.D., plaintiff's treating physician; (4) an April 12, 2011 mental health assessment completed by Dr. R. Morgan, M.D.; and (5) the consultative psychiatric examination report of Dr. G. Bartell, M.D. [AR 20-22].

"An impairment or combination of impairments may be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2006) (internal quotation marks omitted). To determine whether or not an impairment is severe, the ALJ must decide whether a claimant's impairment or

1 combination of impairments significantly limits his or her physical or mental ability to do "basic work
2 activities." 20 C.F.R. §§ 404.1521(a), 416.921(a); see Webb, 433 F.3d at 686–687. Basic work activities
3 are the "abilities and aptitudes necessary to do most jobs," such as (1) physical functions like walking,
4 standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling; (2) the capacity for seeing,
5 hearing, speaking, understanding, carrying out, and remembering simple instructions; (3) the use of
6 judgment; and (4) the ability to respond appropriately to supervision, co-workers, and usual work situations.
7 20 C.F.R. § § 404.1521(b), 416.921(b).

8  The lack of a severe impairment must be "clearly established by medical evidence." Webb, 433 F.3d
9 at 687 (quoting SSR 85–28). The ALJ is required to consider the claimant's subjective symptoms in making
10 a severity determination, provided that the claimant "first establishes by objective medical evidence (i.e.,
11 signs and laboratory findings) that he or she has a medically determinable physical or mental impairment(s)
12 and that the impairment(s) could reasonably be expected to produce the alleged symptom(s)." SSR 96–3p,
13 1996 WL 374181, at *2.

14  The ALJ concluded that the treatment evidence failed to establish the presence of a severe mental
15 impairment. In finding plaintiff's mental impairments nonsevere, the ALJ noted that plaintiff had been
16 hospitalized in November 2008 after a suicide attempt and was diagnosed with major depressive disorder,
17 recurrent. [AR 21]. The ALJ also noted that plaintiff was in therapy from approximately June 2009 to May
18 2010. During that period, she was diagnosed with post traumatic stress disorder, generalized anxiety
19 disorder, and major depressive disorder, and she was prescribed Zoloft.[1] [AR 21]. The ALJ concluded that
20 although plaintiff complained of anxiety and depression on various occasions, her mental status
21 examinations were generally "within normal limits," and she reported that the Zoloft was helping and that
22 her mood was improving. [AR 21]

23  The step two inquiry is "'a de minimis screening device [used] to dispose of groundless claims,' and
24 an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only

---

[1]Zoloft is used to treat depression, obsessive-compulsive disorder, panic attacks, posttraumatic stress disorder, and social anxiety disorder. U.S. National Library of Medicine and National Institutes of Health, MedlinePlus website, available at http://www.nlm.nih.gov/medlineplus/druginfo/meds/a697048.html# why (last visited June 24, 2013).

3

when [that] conclusion is 'clearly established by medical evidence.'" Webb, 433 F.3d at 687 (quoting Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir.1996) and SSR 85–28)).

The medical evidence in this case does not "clearly establish" the absence of a severe mental impairment. The ALJ selectively highlighted those portions of plaintiff's mental health records that supported the ALJ's conclusion that plaintiff's mental impairments were nonsevere, while downplaying or omitting evidence to the contrary. For example, the ALJ stated that plaintiff's mental status evaluation on January 30, 2009 was largely within normal limits. [AR 21]. However, the ALJ failed to note that the same records also reveal that: (1) plaintiff had recently been discharged from the hospital after a suicide attempt; (2) although her medication was helping, plaintiff was still suffering from severe anxiety and social stressors; and (3) it was recommended that she attend psychiatric therapy and that Klonopin[2] be added to the psychiatric medications she was already taking. [AR 199].

Similarly, the ALJ stated that during plaintiff's mental health treatment with Dr. Guzman between June 17, 2009 and December 2, 2009, plaintiff "report[ed] her depression lifting, being in improved spirits, and becoming significantly stable." [AR 21]. However, a review of Dr. Guzman's treatment records demonstrates a more complicated picture of plaintiff's mental health, including continuing feelings of depression, tearfulness, hopelessness, anhedonia, panic attacks, and suicidal ideation. Although Dr. Guzman prescribed Zoloft, Trazodone,[3] and Depakote,[4] plaintiff's depression nevertheless persisted. [AR 252-262].

Viewed in the context of the record as a whole, the ALJ overstated the evidence of plaintiff's positive response to treatment and understated the evidence that plaintiff continued to exhibit residual

---

[2] Klonopin is used to control certain types of seizures and to treat panic disorder. U.S. National Library of Medicine and National Institutes of Health, MedlinePlus website, available at http:// www.nlm.nih.gov/medlineplus/druginfo/meds/a682279.html# why (last visited June 24, 2013).

[3] Trazodone is used to treat depression. U.S. National Library of Medicine and National Institutes of Health, MedlinePlus website, available at http:// www.nlm.nih.gov/medlineplus/druginfo/meds/a681038.html# why (last visited June 24, 2013).

[4] Depakote is used to treat certain types of seizures and to treat mania in people with bipolar disorder. U.S. National Library of Medicine and National Institutes of Health, MedlinePlus website, available at http:// www.nlm.nih.gov/medlineplus/druginfo/meds/a682412.html# why (last visited June 24, 2013).

depressive symptoms despite compliance with her medications.

Moreover, evidence of improvement in plaintiff's condition does not negate the possibility that her mental impairment was severe. See 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12 .00D (stating that an individual's "level of functioning may vary considerably over time.... Proper evaluation of [a mental impairment] must take into account any variations in the level of ... functioning in arriving at a determination of impairment severity over time."); Webb, 433 F.3d at 687 (holding that although there were gaps in the claimant's treatment history, and "the medical record paints an incomplete picture of [the claimant's] overall health during the relevant period, it includes evidence of problems sufficient to pass the de minimis threshold of step two."); cf. Lebus v. Harris, 526 F.Supp. 56, 61 (N.D.Cal.1981) (explaining that symptom-free intervals do not compel a finding of nondisability arising from a mental impairment because "it is extremely difficult to predict the course of mental illness"). Contrary to the ALJ's characterization of plaintiff's mental health records, the record as a whole demonstrates a longitudinal history of suicidal ideation and hospitalizations, depression, and anxiety, for which plaintiff has been treated with various psychiatric medications.

While plaintiff may not "succeed in proving that [she] is disabled," the ALJ "lacked substantial evidence to find that the medical evidence clearly established [plaintiff's] lack of" a medically severe mental impairment, Webb, 433 F.3d at 688, and "appears to have applied a more stringent legal standard than is warranted by law." Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001). Accordingly, the ALJ's step two finding cannot stand.

**Remedy**

In general, the choice whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the court. See Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.) (holding that the district court's decision whether to remand for further proceedings or for payment of benefits is discretionary and is subject to review for abuse of discretion), cert. denied, 531 U.S. 1038 (2000). The Ninth Circuit has observed that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Moisa v. Barnhart, 367 F.3d 882, 886 (9th Cir. 2004) (quoting INS v. Ventura, 537 U.S. 12, 16 (2002) (per curiam)).

The proper remedy in this case is reversal and remand for further administrative proceedings to

permit the ALJ to conduct a supplemental hearing and to issue a new decision with appropriate findings at each step of the sequential evaluation procedure.[5]

### Conclusion

For the reasons stated above, the Commissioner's decision is **reversed**, and the case is **remanded** for further administrative proceedings consistent with this memorandum of decision

**IT IS SO ORDERED.**

July 1, 2013

_____
ANDREW J. WISTRICH
United States Magistrate Judge

---

[5] This disposition makes it unnecessary to consider plaintiff's remaining contentions.